## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARCUS HAYES,

     *Plaintiff,*

v.

                                    Case No. 24-4030-EFM

SHAWNEE COUNTY BOARD OF
COUNTY COMMISSIONERS, and KWIK
STAFF,

     *Defendants.*

## MEMORANDUM AND ORDER

Before the Court are several motions filed by pro se Plaintiff Marcus Hayes.[1] Plaintiff's

motions include:

1. a Motion to Remand filed May 14, 2026 (Doc. 112);

2. a Motion to Correct the Record and Certify Missing Exhibits to the Tenth Circuit filed June 16, 2026 (Doc. 117);

3. a Motion for Recusal of District Judge Eric F. Melgren filed June 19, 2026 (Doc. 118);

4. a second Motion for Recusal of District Judge Eric F. Melgren filed June 25, 2026 (Doc. 124);

5. a Motion to Reopen Proceedings and for Relief From Judgment Based on Newly Obtained Sworn Witness Declaration filed July 8, 2026 (Doc. 127);

6. a Motion to Reopen Proceedings and Supplemental Memorandum in Support of Motion for Relief from Judgment filed July 10, 2026 (Doc. 131);

---

[1] Because Plaintiff proceeds pro se, the Court holds his pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se litigant is entitled to a liberal construction of his pleadings. *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). But it is not the proper role of a district court to "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

7. a Motion for Limited Discovery and Sanctions for Fraud Upon the Court filed July 23, 2026 (Doc. 133); and

8. a Renewed Motion for Recusal of District Judge and Request for Reassignment filed July 28, 2026 (Doc. 134).

Previously, the Court entered judgment in favor of Defendants Shawnee County Board of County Commissioners ("the County") and Kwik Staff on Plaintiff's claims against them under the Americans with Disabilities Act ("ADA").[2] Plaintiff's eight motions span his appeal of the Court's judgment against him, which the Tenth Circuit recently affirmed.[3] For the reasons explained below, the Court denies Plaintiff's motions and imposes filing restrictions against him.

## I.    Factual & Procedural Background

The Court previously set out the uncontroverted facts in this case at the summary judgment stage and incorporates that discussion here.[4] Relevant here, Plaintiff worked for Kwik Staff, a temporary staffing agency, who placed Plaintiff at the County's North Annex to provide custodial services. Plaintiff could only work limited hours to continue receiving Social Security disability benefits due to its income threshold. Plaintiff maintains he receives disability benefits due to a traumatic brain injury he suffered decades prior. Eventually, the County released Plaintiff back to Kwik Staff because he could not perform the required work within his limited hours. Kwik Staff offered Plaintiff an alternative placement, which Plaintiff declined.

Subsequently, Plaintiff brought this ADA suit against both Kwik Staff and the County, alleging that Defendants wrongly terminated him and that the County failed to accommodate his

---

[2] 42 U.S.C. §§ 12101 et seq., as amended by ADA Amendments Act of 2008.

[3] Hayes v. Shawnee Cnty. Bd. of Cnty. Comm'rs, 2026 WL 1469619, at *1 (10th Cir. May 26, 2026); Doc. 126.

[4] Hayes v. Shawnee Cnty. Bd. of Cnty. Comm'rs, 2025 WL 2444150, at *1–3 (D. Kan. Aug. 25, 2025); Doc. 103 at 2–4.

disability. In doing so, Plaintiff repeatedly put forth evidence and argued that Defendants knew of his disability. At the summary judgment stage, the Court assumed Plaintiff was disabled within the meaning of the ADA but entered judgment against Plaintiff on other grounds.[5] Plaintiff appealed to the Tenth Circuit, and the Tenth Circuit also assumed Plaintiff was disabled within the meaning of the ADA but affirmed the Court's judgment as reached on other grounds.[6] Now, Plaintiff brings eight motions before this Court that span his appeal to the Tenth Circuit and its subsequent affirmance.

## II.     Analysis

### A.     Plaintiff's Motion to Remand

Plaintiff filed his first motion—the Motion to Remand—as his appeal was pending before the Tenth Circuit. In the Motion to Remand, Plaintiff invokes Fed. R. Civ. P. 60(b)(2), asserts he has newly discovered evidence that Defendants knew of his disability, and requests the Court issue a statement pursuant to Rule 62.1(a)(3) that it would grant his Rule 60(b)(2) motion if remanded or a statement that the motion raises a substantial issue.

Under Rule 60(b), a district court has discretion to grant relief from a final judgment but such relief "is extraordinary and may only be granted in exceptional circumstances."[7] Rule 60(b)(2) provides that a court may relieve a party from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a

---

[5] Doc. 103 at 8–11, 12–16.

[6] Doc. 126 at 7–8 ("Even if we, like the district court, assume he is disabled under the ADA, and we further assume the County knew he was disabled, he has not shown he was qualified under the ADA or that he suffered an adverse employment action by the County because of his disability.").

[7] *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

new trial under Rule 59(b)."[8] To be eligible for relief under Rule 60(b)(2), the movant must demonstrate the following elements:

(1) the evidence was newly discovered since the trial;

(2) the moving party was diligent in discovering the new evidence;

(3) the newly discovered evidence [was] not merely cumulative or impeaching;

(4) the newly discovered evidence is material; and

(5) that a new trial with the newly discovered evidence would probably produce a different result.[9]

Here, Plaintiff's new evidence is a February 5, 2016, Memorandum from a Yan T. Black of the Shawnee County District Court Services concerning a custody case involving Plaintiff's minor child. At page three, the Memorandum notes that "[i]n addition to the wages he earns with TPS, Mr. Hayes also received disability."[10] Plaintiff argues this Memorandum satisfies all five of the Rule 60(b)(2) requirements and is central to his contention that the County and Kwik Staff violated the ADA.

Not so. Plaintiff asserts the Memorandum is material and will produce a different result because it shows Defendants knew of his disability. The Court, however, already assumed Plaintiff was disabled and that the County knew of his disability when considering whether he could establish a prima facie case of ADA discrimination against it.[11] Knowledge is not where Plaintiff's claims failed. Instead, Plaintiff's ADA claims against the County failed because he could not establish the remaining elements to his prima facie case for his failure to accommodate and

---

[8] Fed. R. Civ. P. 60(b)(2).

[9] *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005)).

[10] Doc. 112-1 at 3.

[11] Doc. 103 at 14–15.

wrongful termination claims.[12] And his claims against Kwik Staff failed because he did not meet the 90-day filing requirement and failed to demonstrate equitable tolling was appropriate.[13] The Memorandum, at best, provides cumulative evidence of Defendants' knowledge, but it cannot change a result reached on other grounds. Accordingly, Plaintiff cannot establish all five elements for Rule 60(b)(2) relief. Even if he could, on July 7, 2026, the Tenth Circuit issued its mandate affirming the Court's ruling.[14] Thus, Plaintiff's request is moot and the Court denies it as such.

**B.      Plaintiff's Motion to Correct the Record and Motions for Recusal**

Plaintiff filed his next motion—the Motion to Correct the Record—after the Tenth Circuit issued its ruling affirming the Court on May 26, 2026,[15] but before the Tenth Circuit issued its mandate. In the Motion to Correct, Plaintiff requests the Court certify and transmit Docs. 64, 95, and 101 in this case to the Tenth Circuit because the Tenth Circuit noted it was unable to locate Plaintiff's purportedly sworn witness affidavits in the appellate record.[16] Shortly afterwards, Plaintiff filed two motions requesting that this Court recuse itself arguing the Court cannot impartially decide the Motion to Correct. Plaintiff's most recent motion is a third motion for recusal for the same reason.

---

[12] *Id.* at 15–16.

[13] *Id.* at 8–11. In his Reply, Plaintiff raises a new argument that the Memorandum establishes the full timeline of Kwik Staff's knowledge of his disability which he asserts—in combination with his other evidence—supports equitable tolling of the 90-day requirement because it "shows that the relevant actors shared information about Plaintiff's disability and jointly made decisions about his employment." *See* Doc. 114 at 2. The Court ordinarily does not consider issues raised for the first time in a reply. *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011). Regardless, Plaintiff's new argument still fails to meet the "active deception" requirement to merit equitable tolling. *See Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996) (permitting equitable tolling only when a plaintiff is "actively misled," "lulled into inaction," or "has in some extraordinary way been prevented from asserting his or her rights" (quotation marks and citations omitted)).

[14] Doc. 126.

[15] *Id.*

[16] *Id.* at 9.

The appellate record issue, however, was never an issue at all. In any event, this non-issue has also since become moot. As the Tenth Circuit noted in a June 29, 2026 order, the only document between Docs. 64, 95, and 101 absent from the appellate record was Doc. 95, an unsworn email from Tom Randles.[17] The Tenth Circuit *sua sponte* directed the Clerk to supplement the appellate record with Doc. 95 and noted it had considered the unsworn email in affirming this Court.[18] Thus, Plaintiff's Motion to Correct is moot, which in turn moots his three motions for recusal, and the Court denies all three motions as such.

### C.      Plaintiff's Motion to Reopen Proceedings, Motion to Reopen Case, and Motion for Limited Discovery

Plaintiff's final three motions—the Motion to Reopen Proceedings, Motion to Reopen Case, and Motion for Limited Discovery—come after the Tenth Circuit's June 29, 2026, order and are accompanied by a newly signed affidavit by Randles.[19] Across these three motions, Plaintiff asserts he is entitled to relief under Rule 60(b)(2), (3), and (6).[20]

As previously discussed, Rule 60(b)(2) provides that a court may relieve a party from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial under Rule 59(b)."[21] Next, Rule 60(b)(3) provides relief in the event of "fraud (whether previously called intrinsic or extrinsic), misrepresentation,

---

[17] Order, *Hayes v. Shawnee Cnty. Bd. of Cnty. Comm'rs*, No. 25-3155 (10th Cir. June 29, 2026), Dkt. No 34.

[18] *Id.*

[19] *See* Doc. 131-2.

[20] Plaintiff also cites generally to Rule 11 and 26 but largely argues for relief under Rule 60(b). *See* Doc. 131 & 133.

[21] Fed. R. Civ. P. 60(b)(2).

or misconduct by an opposing party."[22] Finally, Rule 60(b)(6) provides relief for "any other reason that justifies relief."[23]

In his Motion to Reopen Proceedings, Plaintiff asserts that he is entitled to relief under Rule 60(b)(2) and(6) because he obtained a properly-sworn affidavit by Randles shortly after the Tenth Circuit identified the deficiency in Doc. 95. Plaintiff asserts this affidavit constitutes new evidence under Rule 60(b)(2) that Defendants had knowledge of his disability, which he argues saves his ADA claims.

This is the same argument Plaintiff made in his initial Motion to Remand concerning the Yan T. Black Memorandum; Plaintiff's argument concerning the Randles affidavit fails for the same reasons. At best, the Randles affidavit provides cumulative evidence of Defendants' knowledge, but it cannot change a result reached on other grounds. Accordingly, Plaintiff cannot establish all five elements for Rule 60(b)(2) relief based on the Randles affidavit, and there is no other reason justifying relief under Rule 60(b)(6).

In Plaintiff's Motion to Reopen Case, he asserts again he is entitled to relief under Rule 60(b)(2) and (6). In doing so, he relies on the Randles affidavit in addition to evidence already in the record to argue that the documents collectively "establish Defendants' actual knowledge of plaintiff's disability—the element the Court found lacking."[24] To belabor the point, the Court did *not* find the knowledge element lacking; the Court assumed Plaintiff was disabled and that the County had knowledge of his disability. Instead, the Court found other elements of Plaintiff's

---

[22] Fed. R. Civ. P. 60(b)(3).

[23] Fed. R. Civ. P. 60(b)(6).

[24] Doc. 131 at 6–9.

claims lacking that Plaintiff fails to address. Thus, Plaintiff remains unentitled to Rule 60(b)(2) or (6) relief.

In his Motion to Reopen Case and his Motion for Limited Discovery, Plaintiff also argues he is entitled to relief under Rule 60(b)(3) for an alleged misrepresentation by the Defendants' attorneys at the summary judgment stage because they argued Plaintiff misread an email when responding to his additional statements of fact.[25] Plaintiff may disagree with Defendants' reading of the email, but this is simply not proof of fraud, misrepresentation, or misconduct contemplated by Rule 60(b)(3).[26] Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(2), (3), or (6), and the Court denies his remaining three motions.

## D.     Kwik Staff's Request for Filing Restrictions on Plaintiff

Kwik Staff requests the Court prohibit Plaintiff from filing additional pleadings in this case without leave of Court, noting his documented lengthy history of filing pleadings before this Court and the Tenth Circuit. Plaintiff opposes this request. The Court is well within its authority to impose filing restrictions under certain circumstances on litigants who abuse the judicial process.[27] The following five factors are relevant when determining whether to impose filing restrictions:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[28]

---

[25] *See* Doc. 87 at 7; Doc. 88 at 5.

[26] *See Zurich*, 426 F.3d at 1291 (10th Cir. 2005) (citations omitted).

[27] *Werner v. Utah*, 32 F.3d 1446, 1147–48 (10th Cir. 1994).

[28] *United States v. Kettler*, 1991 WL 94457, at *6 (10th Cir. June 3, 1991) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

As to the first factor, the Court notes that Plaintiff does not have a history of filing duplicative lawsuits in the District of Kansas. But since the Court's dismissal, he has filed eight meritless motions within the short span of three months. Since the beginning of this case, Plaintiff has filed numerous "notices," letters, and exhibits in quick succession, putting a strain on the Court's resources. Plaintiff has also filed numerous documents before the Tenth Circuit, including a petition for mandamus before the Tenth Circuit concerning the record transmittal non-issue. Plaintiff appears to have no intention of limiting his pleadings or cases, as he indicates he will file a petition for review before Supreme Court. Based on Plaintiff's historical and present filings, the Court concludes that the first factor weighs in favor of filing restrictions.

The second factor also favors filing restrictions. Plaintiff, for his part, attempts to assure the Court that the duplication in his filings was an honest mistake made in good faith to protect his rights. Plaintiff may have once had a good faith expectation of prevailing in this litigation, but that expectation vanished upon the Court's dismissal of his case and the Tenth Circuit's order upholding that decision. As such, Plaintiff's filings seeking relief based on the same, repeated arguments are frivolous.

As for the third factor, Plaintiff is not represented by counsel who might assist him in discerning cognizable claims from frivolous, harassing motions. Thus, the third factor favors filing restrictions.

Factors one through three cumulate into the fourth. With each filing by Plaintiff, Defendants are obligated to respond, and the Court is obligated to review the arguments presented. Indeed, this Court has attempted to issue an order on Plaintiff's recent motions at three various points, only to be interrupted by a subsequent filing of Plaintiff's. This has imposed an unnecessary

burden on the Court and clearly has caused needless expense to the Defendants. As such, the fourth factor weighs in favor of filing restrictions.

Finally, under the fifth factor, Plaintiff "has already endured the ultimate sanction—dismissal of his case," and that dismissal was affirmed by the Tenth Circuit.[29] Nonetheless, he continues to file consecutive frivolous motions following the Tenth Circuit's ruling. It seems no other sanction would adequately protect the Court and other parties; thus, the fifth factor weighs in favor of filing restrictions.

In light of these factors, the Court finds that Plaintiff is likely to continue to abuse the judicial process and that it is appropriate to impose limited filing restrictions on Plaintiff. In opposition to filing restrictions, Plaintiff argues that as a disabled, pro se litigant he must be held to a less stringent standard than licensed attorneys. Plaintiff's pro se status may entitle him to a liberal construction of his pleadings, but it does not excuse him from following the same procedural rules as any other litigant nor from the consequences of failing to do so.[30]

As for consequences, the Court will not entertain any future, meritless motions from Plaintiff seeking relief or recusal based solely on evidence of Defendants' knowledge of his disability or on the appellate record transmittal non-issue from his initial appeal to the Tenth Circuit. Plaintiff will be restricted from filing in the instant case as laid out below.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 112) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct (Doc. 117) is **DENIED as moot.**

---

[29] *Jaiyeola v. Garmin Int'l, Inc.*, 2022 WL 15432272, at *2–3 (D. Kan. Oct. 27, 2022).

[30] *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recusal (Doc. 118) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recusal (Doc. 124) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reopen Proceedings and Relief from Judgment (Doc. 127) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reopen Case (Doc. 131) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Limited Discovery and for Sanctions for Fraud Upon the Court (Doc. 133) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Renewed Motion for Recusal (Doc. 134) is **DENIED.**

**IT IS FURTHER ORDERED** that if Plaintiff wishes to submit future filings in the instant case, District of Kansas case no. 24-cv-4030, he must comply with the following injunction:

1. The Clerk shall not accept or file any pro se submissions, motions, filings, pleadings, or other documents from Plaintiff in District of Kansas case no. 24-cv-4030, without the express authorization of a judge of this Court.

2. Plaintiff shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the motion or other filings is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or deny it.

Failure to follow these procedures will result in summary rejection of the proposed filing.

-11-

**IT IS SO ORDERED.**

Dated this 4th day of August, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE