**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MARCUS HAYES,

*Plaintiff*,

v.

SHAWNEE COUNTY BOARD OF COUNTY COMMISSIONERS, and KWIK STAFF,

*Defendants.*

Case No. 24-4030-EFM

**MEMORANDUM AND ORDER**

Before the Court is "Plaintiff's Combined Motion for Leave to File, Motion to Vacate Filing Restrictions, and Renewed Motion for Recusal and Reassignment to a Judge Outside of the Topeka Kansas Legal Community" (Doc. 139). On August 25, 2025, the Court entered judgment against Plaintiff pro se Marcus Hayes[1] on his American with Disabilities Act ("ADA") claims. Subsequently the Court rejected Plaintiff's repeated requests for recusal and relief under Fed. R. Civ. P. Rule 60(b) as meritless and imposed filing restrictions against him. Nonetheless, Plaintiff seeks three things in his present Motion.

First, Plaintiff once again requests recusal and reassignment. The Court has already rejected Plaintiff's previous requests to do so and will not entertain any further requests by Plaintiff to this effect.

[1] Because Plaintiff proceeds pro se, the Court holds his pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se litigant is entitled to a liberal construction of his pleadings. *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). But it is not the proper role of a district court to "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Second, Plaintiff seeks leave to make new arguments, arguing that they are outside the scope of the Court's filing restrictions. The Court's previous Order noted that it would not entertain arguments from Plaintiff "seeking relief of recusal based solely on evidence of Defendant's knowledge of his disability or on the appellate record transmittal non-issue from his initial appeal to the Tenth Circuit."[2] Plaintiff's new arguments address the Court's conclusion that he failed to make a prima facie case that he was qualified within the ADA's meaning.

The Court construes this portion of Plaintiff's Motion as one for reconsideration of the Court's judgment against him. A party may not use such a motion to revisit the same issues already addressed and dismissed by the court or to introduce new arguments or supporting facts that were available when the party briefed the original motion.[3] Here, Plaintiff could have raised his new arguments in his previous Rule 60(b) motions but did not. Plaintiff's litigation tactic of throwing spaghetti against the wall to see what sticks must end. Accordingly, the Court rejects his new arguments.

Third, Plaintiff moves to vacate the filing restrictions. He argues that the Court imposed filing restrictions in retaliation against him for filing a judicial misconduct complaint and has violated his due process rights in the process. But Plaintiff already had an opportunity to argue why filing restrictions should not be imposed against him. And the Court rejected those arguments and imposed filing restrictions on Plaintiff after conducting the five-factor analysis for doing so.[4] That analysis remains true here and is strengthened by Plaintiff's continued attempts to file

---

[2] Doc. 135 at 10.

[3] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[4] Doc. 135 at 8–10.

meritless arguments in this matter. Accordingly, the Court denies his request to vacate the filing restrictions.

Finally, Plaintiff filed a document requesting that his Motion be granted as unopposed, citing D. Kan. Rule 6.1 and Rule 7.4 for support. The Court construes Plaintiff as invoking D. Kan. Rule 7.1(c), which provides that "[i]f a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Plaintiff's Motion, however, does not present an ordinary circumstance. First, his Motion is akin to one for reconsideration, to which a response is not required.[5] In addition, Plaintiff's case was closed in August 2025, and the Tenth Circuit affirmed the Court's judgment.[6] Since then, the Court has denied Plaintiff's numerous post-judgment motions and imposed filing restrictions against him. Thus, it is unsurprising that Defendants have not responded to Plaintiff's current Motion.[7] As explained above, Plaintiff's Motion is meritless and is denied accordingly.

Given Plaintiff's continued filings, the Court extends the filing restrictions against him to include any arguments based on the issues raised in this case. Plaintiff shall have 14 days from the date of this Order to file written objections to these new restrictions.

**IT IS THEREFORE ORDERED** that "Plaintiff's Combined Motion for Leave to File, Motion to Vacate Filing Restrictions, and Renewed Motion for Recusal and Reassignment to a Judge Outside of the Topeka Kansas Legal Community" (Doc. 139) is **DENIED**.

---

[5] D. Kan. Rule 6.1(d)(3).

[6] *Hayes v. Shawnee Cnty. Bd. of Cnty. Comm'rs*, 2026 WL 1469619, at *1 (10th Cir. May 26, 2026).

[7] Defendant Shawnee County even notified the Court that it would not respond to Plaintiff's meritless post-judgment motions unless the Court required it to do so.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to submit future filings in the instant case, District of Kansas case no. 24-cv-4030, he must comply with the following injunction:

1. The Clerk shall not accept or file any pro se submissions, motions, filings, pleadings, or other documents from Plaintiff in District of Kansas case no. 24-cv-4030, without the express authorization of a judge of this Court.

2. Plaintiff shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the motion or other filings is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or deny it.

Failure to follow these procedures will result in summary rejection of the proposed filing.

Plaintiff may file objections in writing to the Court's Order issuing the above filing restrictions by no later than 14 days from the date of this Order's filing. If Plaintiff files no objections, the restrictions will be effective without further order of the Court.

**IT IS SO ORDERED.**

Dated this 22nd day of October, 2026.



ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE