**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MARCUS HAYES,<br><br>*Plaintiff*,<br><br>v.<br><br>SHAWNEE COUNTY BOARD OF COUNTY COMMISSIONERS, and KWIK STAFF,<br><br>*Defendants*. | Case No. 24-4030-EFM |

**MEMORAUNDUM AND ORDER**

Before the Court are pro se Plaintiff Marcus Hayes's[1] Written Objections to Expanded Filing Restrictions (Doc. 142). The Court's most recent Order imposed expanded filing restrictions against Plaintiff. Plaintiff raises six objections. None warrant a different result.

First, Plaintiff argues that the Court improperly recharacterized his most recent motion for leave to file, to vacate filing restrictions, and for recusal as akin to a motion for reconsideration. Had the Court not done so, Plaintiff argues that his motion would have been granted under D. Kan. Rule 7.1 because Defendants did not respond to it. Under D. Kan. 7.1(c), when a response is not filed, "[o]rdinarily, the court will grant the motion without further notice." In considering the new arguments Plaintiff sought leave to file, however, the Court noted they essentially sought reconsideration of the Court's judgment against him. Had the Court permitted Plaintiff to file the

[1] Because Plaintiff proceeds pro se, the Court holds his pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se litigant is entitled to a liberal construction of his pleadings. *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). But it is not the proper role of a district court to "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

new arguments, it would have rejected them because he did not raise them in his previous Rule 60(b) motions.[2] Regardless, the Court also noted that Plaintiff's motion did not present an ordinary circumstance as contemplated by Rule 7.1 given that his case has been long closed and his numerous post-judgment motions denied. Thus, Plaintiff's first objection is overruled.

Second, Plaintiff argues that the Court did not conduct the required five-factor analysis in imposing expanded filing restrictions against him. In doing so, however, the Court referenced its previous five-factor analysis from its initial imposition of limited filing restrictions, noting that the analysis "remain[ed] true" and was only "strengthened by Plaintiff's continued attempts." Plaintiff's second objection is overruled.

Third, Plaintiff argues that the Court's Order creates an appearance of retaliation by ruling against him after a "Formal Kansas Supreme Court judicial misconduct proceeding," warranting the Court's recusal under 28 U.S.C. § 455(a). Other than mentioning it in his filings, Plaintiff has never provided evidence of the purported judicial misconduct proceeding involving the undersigned. Regardless, "[t]he actions of others do not provide grounds for recusal. Moreover, adverse rulings alone cannot provide grounds for disqualification."[3] Plaintiff's purported filing of a complaint against the undersigned simply demonstrates his dissatisfaction with the Court's rulings. Additionally, a judge "should not recuse himself on unsupported, irrational, or highly tenuous speculation."[4] The Court issued its Order expanding filing restrictions against Plaintiff because he has repeatedly filed frivolous motions in this matter. Plaintiff's assertion that this

---

[2] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (noting that revisiting issues already addressed or raising new arguments that were otherwise available for presentation on the initial brief are proper grounds to deny a motion to reconsider).

[3] *Burleson v. Sprint PCS Grp.*, 123 F. App'x 957, 960 (10th Cir. 2005) (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1449 (10th Cir. 1996)).

[4] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

constitutes retaliation is unsupported, irrational, and highly tenuous speculation. Thus, Plaintiff's third objection is overruled.

Fourth, Plaintiff argues that Footnote 7 of its Previous Order is an admission of improper ex parte coordination between this Court and Defendant Shawnee County. In writing Footnote 7, the Court was referring to Doc. 121 in the record, a Notice filed by Defendant Shawnee County informing the Court it "does not intend to file responses to Plaintiff's pending or future post-judgment motions or other filings" absent a requirement from the Court. Thus, Plaintiff's contention that Footnote 7 demonstrates improper ex parte coordination is inaccurate. His fourth objection is overruled.

Fifth, Plaintiff argues that the Court's characterization of his post-judgment filings as "throwing spaghetti against the wall" departs from the liberal construction of pleadings that pro litigants receive and reflects prejudgment bias warranting the Court's recusal. The Court consistently has recognized its obligation to construe Plaintiff's filings liberally, but such liberality does not excuse him from following the same procedural rules as any other litigant nor from the consequences of failing to do so.[5] And the Court's adverse—yet accurate—characterization of Plaintiff's filings is not a ground for recusal.[6] Plaintiff's fifth objection is overruled.

Sixth, Plaintiff argues that the merits of his underlying claims have never been addressed. Both this Court and the Tenth Circuit have fully addressed the merits of his case at the summary judgement stage. Both courts have simply found against Plaintiff. Plaintiff is not entitled to multiple bites at the same apple. His sixth objection is overruled.

---

[5] *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005).

[6] *Cf. United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) ("A judge's ordinary efforts at courtroom administration, even if stern and short-tempered, are immune from charges of bias and impartiality. Although a judge's remarks . . . may be critical, disapproving, or hostile to a party, usually they will not support a partiality charge." (citation modified)).

Accordingly, the Court overrules Plaintiff's Written Objections.

**IT IS THEREFORE ORDERED** that Plaintiff's Written Objections to Expanded Filing Restrictions (Doc. 142) are **OVERRULED**.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to submit future filings in the instant case, District of Kansas case no. 24-cv-4030, he must comply with the following injunction:

1. The Clerk shall not accept or file any pro se submissions, motions, filings, pleadings, or other documents from Plaintiff in District of Kansas case no. 24-cv-4030, without the express authorization of a judge of this Court.

2. Plaintiff shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the motion or other filings is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or deny it.

Failure to follow these procedures will result in summary rejection of the proposed filing.

**IT IS SO ORDERED.**

Dated this 24th day of November, 2026.

Eric F. Melgren

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE